UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-21088-JEM

CHRISTIAN BINDSLEV,

    Petitioner,

v.

MELISSA CAROLINA SILVA,

    Respondent.

_____/

**RESPONDENT'S ANSWER AND DEFENSES TO PETITIONER'S**
**VERIFIED PETITION FOR THE RETURN OF THE PARTIES' CHILD**

Respondent, Melissa Carolina Silva ("Respondent"), by and through her undersigned counsel, answers and asserts defenses to the Verified Petition for the Return of the Parties' Child (ECF No. 1) filed by Petitioner, Christian Bindslev ("Petitioner").

1. Admitted.

<u>Preamble</u>

2. Admitted.

3. Denied. Upon the recommendation from the U.S. Embassy in Copenhagen, Denmark, Respondent fled Denmark with I.S.B (the "Child") to the United States in August 2023 after Petitioner, again, attacked Respondent and threatened to kill her.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Denied.

14. Denied.

## Jurisdiction and Venue

15. Admitted.

16. Admitted.

17. Admitted as to this Court's personal jurisdiction over Respondent, but the allegation of wrongful removal is denied.

18. Admitted.

19. Admitted.

20. Admitted.

## Status of the Father, Mother, and Child

21. Admitted.

22. Admitted.

23. Admitted. Respondent further states that the Child is also a U.S. citizen as of February 2023.

## History of the Case

24. Admitted.

25. Respondent admits that Petitioner is listed as the father on the Child's birth certificate and the Child has Petitioner's last name, but Respondent denies the remaining allegations.

26. Denied.

27. Denied. Respondent and Petitioner planned to raise the Child in the United States and were going to move to Florida with the Child following the anticipated sale of Petitioner's home in Denmark.

28. Denied. Respondent and Petitioner planned to raise the Child in the United States and were going to move to Florida with the Child following the anticipated sale of Petitioner's home in Denmark.

29. Denied.

30. Respondent is without sufficient knowledge of the allegations contained in paragraph 30 and therefore denies same.

31. Admitted.

32. Denied. The Child has not lived with Petitioner since February 2022—*eighteen months prior to Respondent's departure from Denmark*—and Petitioner did not financially support the Child.

33. Denied.

<u>Prima Facie Case of Wrongful Retention</u>

34. Admitted.

35. Admitted.

### Habitual Residence

36. Respondent only admits that the Child was born in Denmark, and Respondent denies all other statements.

37. Denied.

### Rights of Custody

38. Admitted.

39. Respondent only admits that Petitioner is registered in Denmark as the Child's father, and Respondent denies all other statements.

40. Respondent is without sufficient knowledge of the relied-upon foreign law referenced in paragraph 40 and therefore denies same.

### Actually Exercised

41. Denied. The Child has not lived with Petitioner since February 2022, and Petitioner did not financially support the Child.

42. Denied. The Child has not lived with Petitioner since February 2022; Petitioner did not financially support the Child; and Petitioner has never been the Child's primary caretaker.

43. Denied.

### Respondent's Wrongful Removal

44. Denied.

45. Denied.

46. Denied. ***The Child has not lived with Petitioner since February 2022 when the Child was only three months old.***

47. Denied.

48. Denied.

49. Respondent is without information as to the Father's activities and therefore denies the allegations in paragraph 49. In addition, Respondent and the Child had not lived with Petitioner since February 2022. There was no "family home."

50. Respondent admits that Petitioner is seeking custody in Denmark family court, submitted an application in Denmark under the Hague Convention, and sought a pick-up order in Florida state court, which was ultimately vacated. Respondent otherwise is without knowledge of the remaining allegations contained in paragraph 50 and denies same.

51. Denied.

52. Respondent only admits that Article 3 of the Hague Convention provides the grounds for wrongful removal of a child, and Respondent denies all other statements.

53. Denied.

54. Respondent admits that this Court has this discretion; however, Respondent denies that this Court's discretion applies in this case.

55. Denied.

Return Order Request

56. The allegations in Paragraph 56 are admitted as to this Court's authority under Article 18 of the Convention, but Respondent denies all other statements.

57. The statements of law in Paragraph 57 are admitted; however, these principles do not merit returning the Child to Denmark based on the facts of this case.

Provisional Remedies

58. Denied.

59. Denied.

60. Respondent does not deny that Petitioner seeks this relief, but Respondent denies that Petitioner is entitled to the relief.

61. Admitted.

62. Respondent does not have sufficient knowledge of whether the Uniform Child Custody Jurisdiction and Enforcement Act is the only statutory law in Florida governing the resolution of domestic and international child custody disputes and therefore denies same.

63. Admitted.

64. The allegations in Paragraph 64 are admitted as to this Court's authority under Uniform Child Custody Jurisdiction and Enforcement Act, but denied as to Petitioner's entitlement to relief given the facts of this case.

65. Respondent does not deny that Petitioner seeks this relief, but Respondent denies that Petitioner is entitled to the relief.

66. Denied.

67. Respondent is without sufficient knowledge of the allegations contained in paragraph 67 and therefore denies same.

68. Respondent admits that the Child's current address is in South Florida. Respondent denies that Petitioner lived with Respondent and the Child since the Child's birth. Respondent is without sufficient knowledge of the remaining allegations contained in paragraph 68 and therefore denies same.

69. Respondent does not deny that Petitioner seeks this relief, but Respondent denies that Petitioner is entitled to this relief.

70. Respondent does not deny that Petitioner seeks this relief, but Respondent denies that Petitioner is entitled to this relief.

Respondent does not deny that Petitioner seeks the remedies in the WHEREFORE clause, but Respondent denies that Petitioner is entitled to those remedies.

## AFFIRMATIVE DEFENSES

*First Affirmative Defense*

Respondent states that the Child would be exposed to physical and psychological harm if returned to Denmark. Under Article 13(b) of the Convention, the Court is not bound to order the return of the child if Respondent establishes that "there is grave risk that his or her return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation." *See Baran v. Beaty*, 526 F.3d 1340, 1345-46 (11th Cir. 2008).

Ordering the Child to be returned to Denmark in the care of Petitioner would certainly expose her to a grave risk of physical and psychological harm. Petitioner has a history of violent behavior, and has physically assaulted and abused Respondent on numerous occasions. During these incidents, the Child was in Respondent's care during the abuse, and the Child herself faced significant risk of physical harm at the hands of Petitioner. Petitioner suffers from Post-Traumatic Stress Disorder ("PTSD"), and the presence of Respondent and the Child acts as a trigger for his violent behavior.

Petitioner has also threatened to kill Respondent and bury her in the forest behind his house. Petitioner has threatened to take the Child away from Respondent and prevent her from ever seeing the Child again. These threats of harm to Respondent constitute a grave risk of physical harm to the Child, as Petitioner has shown no restraint in attacking Respondent even in the Child's presence.

The Child would also be exposed to a grave risk of physical or psychological harm based on Petitioner's activities. ***Petitioner manufactures and sells illegal drugs, and is himself addicted to drugs.*** The Child has been exposed to drug use in the presence of Petitioner and those who use drugs with him and who buy drugs from him. The Child has been exposed to drugs in Petitioner's house, including in ground-level drawers and cabinets which are readily accessible to the Child.

In addition, Petitioner has personally exposed the Child to danger. Petitioner gave alcohol to the Child to drink when she was less than one year old, and has used drugs in the Child's presence. Petitioner has a history of driving recklessly, including while under the influence of drugs and/or alcohol and while the Child is in the car.

If Respondent remains in the United States to protect herself from Petitioner's abuse and threats on her life, and the Child is ordered to return to Denmark, the Child would suffer extraordinary psychological harm from being separated from her mother, the only caregiver she has ever known—all while being placed at severe risk of imminent harm because of Petitioner's drug dealing, drug use, and mental health issues.

<u>Second Affirmative Defense</u>

As her Second Affirmative Defense, Mother states that returning the Child to Denmark would place the Child in an intolerable situation. Petitioner manufactures, uses, and sells illicit drugs, and has done so in the presence of the Child. Petitioner has no family nearby to care for the Child. The Child would be surrounded by illegal and dangerous activity on a daily basis. Petitioner, who suffers from PTSD and whose PTSD is triggered by the presence of the Child, has a history of violent, reckless behavior, and in no way tempers this behavior when the Child is around. The entire living situation into which this Court would order the Child returned is intolerable in every manner and aspect.

## **THE REMOVAL OF THE CHILD WAS NOT WRONGFUL**

Respondent additionally states that the removal of the Child was not wrongful under the Convention because Petitioner was not exercising his custody rights when the Child left Denmark. To plead a prima facie case under the Convention, Petitioner "must establish by a preponderance of the evidence…that he was exercising custody rights at the time of the removal." *Taylor v. Taylor*, 2011 WL 13175008, at *6 (S.D. Fla. Dec. 13, 2011), *aff'd*, 502 Fed. Appx. 854 (11th Cir. 2012). Petitioner, however, cannot establish this element.

Petitioner made four categories of allegations to plead that he was exercising his custody rights until the Child left Denmark in August 2023:

    a. he was the Child's primary caretaker;

    b. he lived with the Child since her birth;

    c. he saw the Child every day since her birth; and

    d. he always financially supported the Child.

(Pet. ¶¶ 32, 41-43.) None of these allegations are true.

WHEREFORE, Respondent respectfully requests that the Court deny the Verified Petition for Return so that the Courts of the United States can make all custody determinations regarding the Child.

Dated: May 8, 2024

Respectfully submitted,

**HOLLAND & KNIGHT LLP**
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
Tel.: (305) 374-8500
Fax: (305) 789-7799

By: */s/ Anna Marie Gamez*

9

        Anna Marie Gamez, FBN. 502911
E-mail: annie.hernandezgamez@hklaw.com
Douglas H. Lehtinen, FBN. 126452
Email: Douglas.Lehtinen@hklaw.com
Gary Klubok, FBN 1031678
E-mail: Gary.Klubok@hklaw.com

**AND**

**PAG LAW PLLC**
600 Brickell Avenue
Suite 1725
Miami, Florida 33131
Tel.: (786) 292-1599
Brett A. Barfield
Florida Bar No. 192252
Brett@pag.law
*Attorneys for Respondent*