UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 24-21088-CIV-MARTINEZ

CHRISTIAN BINDSLEV,

    Petitioner,

v.

MELISSA CAROLINA SILVA,

    Respondent.
_____/

## **RETURN ORDER**

    THIS CAUSE came before the Court upon consideration of Petitioner, Christian Bindslev's Verified Petition for Return of the Minor Child to Denmark, (ECF No. 1), filed on March 20, 2024. An evidentiary hearing was held on May 28, 29, and 30, 2024, (ECF Nos. 41, 42, 45), at which Petitioner, Christian Bindslev, and Respondent, Melissa Silva, appeared with their counsel. The parties presented arguments and testimony. The Court has carefully considered the Petition and applicable law; and the testimony, evidence, and arguments presented at the evidentiary hearing.

    This Return Order is made pursuant to the 1980 Convention on the Civil Aspects of International Child Abduction (the "Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. 9001 *et seq.* For the reasons stated on the record, (*see* ECF No. 45), the Court finds Petitioner has shown by a preponderance of the evidence that: i) the habitual residence of the minor child, I.S.B, was Denmark on the day she was removed from Denmark; ii) the removal breached Petitioner's rights of custody under Danish law; iii) the Petitioner was or would have been exercising rights of custody at the time of the removal; and iv) the child is under the age of sixteen. Petitioner has therefore met his burden.

    Although Respondent argued that returning the child would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation, this Court finds that the court in Denmark is fully capable of protecting the child if necessary. This Court further finds that on the facts of this case the court in Denmark is in the best position to adjudicate the custody

issue and that return of the child best serves the purposes of the Convention. Therefore, the minor child, I.S.B., must be returned forthwith. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Verified Petition for Return of the Minor Child to Denmark, (ECF No. 1), is **GRANTED**, and I.S.B. shall be returned to her habitual residence of Denmark forthwith;

2. Respondent is to return I.S.P. to Denmark. I.S.P shall not be turned over to Petitioner;

3. Within 30 days the Parties shall come to an agreement regarding I.S.B.'s travel documents and Respondent, Petitioner, and I.S.B.'s travel itinerary to Denmark, and shall provide the itinerary to the Court;

4. Upon the return of I.S.B. to Denmark, the Danish court presiding over the custody case shall be notified immediately and Petitioner shall file a notice in this Court that I.S.B. has been returned to Denmark and the Danish court has been notified of I.S.B.'s return;

5. Petitioner is to arrange a separate dwelling for Respondent and I.S.B. in Denmark and provide any reasonable expense;

6. This Order is not a determination of the merits of any custody issues within the meaning of Article 19 of the Hague Convention; and

7. This Order is made under the authority of 22 U.S.C. section 9003(a), conferring original jurisdiction upon this Court, and under the authority of Article 12 of the 1980 Hague Convention;

8. The Clerk shall mark this case as **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31 day of May, 2024.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record